IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISON

| Troy Oliver, | ) | |
|---|---|---|
| | ) | CR No. 5:12-cr-00808-8-MBS |
| Movant, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Movant Troy Oliver, a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Movant signed a plea agreement and entered a plea of guilty as to possession with intent to distribute a quantity of marijuana on August 20, 2012, in violation of 21 U.S.C. § 841(a)(1) and 841(1)(b)(D) (Count 3), and possession with intent to distribute a quantity of marijuana on December 6, 2012, in violation of 21 U.S.C. § 841(a)(1) and 841(1)(b)(D) (Count 12). ECF Nos. 314, 317.

By judgment entered on October 4, 2013, the court sentenced Movant to 120 months, consisting of 60 months as to Count 3 and 60 months as to Count 12, to run consecutively. ECF No. 431. On October 10, 2013, Movant filed a *pro se* motion for reconsideration. ECF No. 439. Movant requested that the court amend his judgment to allow his sentences to run concurrently rather than consecutively.[1] *Id.* at 1.

---

[1] Movant's motion for reconsideration was filed subsequent to Movant's notice of appeal which was filed on October 9, 2013. ECF No. 435. Therefore, the court was divested of jurisdiction to consider the motion for reconsideration. ECF No. 616 at 1.

1

On June 20, 2014, the Fourth Circuit affirmed Movant's conviction and sentence. ECF No. 609, *see also United States v. Oliver*, 576 F. App'x 193 (4th Cir. 2014). The court denied Movant's motion for reconsideration on August 5, 2014. ECF No. 616. The court found that "[Movant's] guideline range, absent the statutory maximum sentence of 60 months as to Counts 3 and 12, would have been 135 months to 168 months incarceration based on a total offense level of 33 and a criminal history category of I . . . [t]herefore, a consecutive sentence totaling 120 months more accurately reflected the guideline range under which [Movant] otherwise would have been sentenced." *Id*. at 2.

On September 9, 2015, Movant filed the present *pro se* § 2255 motion. ECF No. 657. On December 8, 2015, the Government filed a motion for summary judgment and memorandum in support of its motion for summary judgment. ECF Nos. 678, 679. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on November 9, 2015, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 680. Movant filed a response to the Government's motion for summary judgment on January 4, 2016. ECF No. 683. Movant filed a motion to amend or correct his § 2255 motion on July 25, 2016, ECF No. 710.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(a), this court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654,

655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

### III. DISCUSSION

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b).

In *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012), the Fourth Circuit held that "in order to prove prejudice in the guilty plea context, a person challenging his conviction must establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 260 (citing *Hill v. Lockhardt*, 474 U.S. 52, 59 (1985). The *Fugit* court explained that "[t]he Supreme Court has specified [] that such an individual 'must convince the court' that such a decision 'would have been rational under the circumstances.'" *Fugit*, 703 F.3d at 260.

An evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. *See United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000); *see also United States v. Magini*, 973 F.3d 261, 264 (4th Cir. 1992) ("When

3

a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary."). However, "no [evidentiary] hearing is required if the [movant's] allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Jackson v. United States*, 638 F. Supp. 2d 514, 528 (W.D.N.C. 2009) (internal quotations omitted). Whether an evidentiary hearing is necessary, and whether a movant's presence is required, is left to "the common sense and sound discretion" of the district court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

Movant contends that his trial counsel was constitutionally ineffective on two grounds: (1) for failing to advise Movant of the possibility of consecutive sentences; and (2) for failing to object to Movant's statements and to advise Movant that objecting to the PSR would result in loss of acceptance of responsibility. *See generally* ECF No. 657-1 at 1-16. To prove ineffective assistance of counsel, a movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. A movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. *Strickland* requires the movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 692. "Unless a defendant makes both showings,

it cannot be said that the conviction [] resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

### A. Counsel's failure to advise of consecutive sentences

Movant argues that his trial counsel was ineffective for failing to advise him of the possibility of consecutive sentences. ECF No. 657-1 at 2. Movant asserts that "prior to entering the plea agreement, counsel assured [Movant] that he could not be sentenced to more than five years, which was the maximum for both counts." *Id*. at 5. Movant notes that "counsel explained that the imposed sentence would be served concurrently and counsel did not explain that [Movant] could receive a sentence on each of the offenses charged and pled to under the terms of the plea agreement." *Id*. Movant contends that his trial counsel was "ineffective for failing to fully and completely explain the conditions and ramifications of the plea agreement . . . [and] [i]n failing to do so, [Movant] was compromised and his plea was not knowing nor voluntary." *Id*.

The Fourth Circuit in *Fugit* considered a similar argument in which a defendant contended that "his attorney told him that if he pleaded guilty to both counts, his sentences would run concurrently (again because both counts were contained in a single indictment), whereas, in actuality, the sentencing court retained discretion to select either concurrent or consecutive sentences and, in fact, ordered the latter." The *Fugit* court noted that "the challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *Id*. (citing to *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) ("The test is objective, not subjective. . .").

The court finds that Movant fails to satisfy the standard articulated in *Fugit*. The court notes that Movant was named in several counts of the superseding indictment, which were to be dismissed at sentencing. *See* ECF No. 183 (Counts 1, 3, 4, 5, 12, 13, and 14). Had Movant gone to

trial and been convicted, he would have been exposed to a substantially longer sentence. As a result, Movant cannot show that pleading not guilty "would have been rational under the circumstances." *See Chua Han Mow v. United States*, 730 F.2d 1308, 1311 (9th Cir. 1984) (rejecting claim that counsel was ineffective for failing to inform petitioner of the maximum possible sentence, which resulted from imposition of consecutive sentences for the counts of conviction, where the district court informed the petitioner when pleading guilty of the maximum sentence for each count of conviction).

During Movant's plea hearing on April 8, 2013, the court read Movant the charges and possible penalties against him. *See* ECF No. 499, Plea Hearing Transcripts. The court specifically explained:

> The penalty, the possible penalty that you face for this, in a case involving less than 50 kilograms of marijuana and no prior felony drug convictions, a maximum term of imprisonment of five years, a fine of $250,000, and term of supervised release of at least two years in addition to any term of imprisonment, plus special assessment fee of $100. And that's for both count three and count 12. Do you understand what you have been charged with?

ECF No. 499 at 12:1-8. Movant responded "Yes, ma'am, your Honor, I do." ECF No. 499 at 12:9. The court also asked Movant, "[d]o you understand that your attorney can only give you an estimate of what your guideline range may be and any sentence I impose may be different from any estimate that your lawyer may have given you?" ECF No. 499 at 6:13-16. Movant responded "Yes, ma'am, I do." *Id*. at 6:17. *See Bucket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000) ("Absent clear and convincing evidence to the contrary, [Movant] is bound by the representations he made during the plea colloquy."); *United States v. Lambrey*, 974 F.2d 1389, 1395 (4th Cir. 1992) ("Yet if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent

dialogue between the court and the defendant."); *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessary relies on allegations that contradict the sworn statements."). Additionally, Movant's signed plea agreement informed him in bold letters that "as a result of this plea, the maximum statutory penalty is a term of imprisonment of 10 years." *See* ECF No. 314 at 2. Accordingly, the court finds that Movant cannot show that he was unaware of the possible penalties he faced on each count.

**B. Counsel's failure to object to Movant's statements and to advise Movant that objecting to PSR would result in loss of acceptance of responsibility**

Movant argues that "at no time prior to the hearing or throughout the course of the sentencing hearing and the taking of evidence, did counsel explain to [Movant] that objections to the compilation of the PSR by [Movant] could and likely would lead to a revocation of acceptance of responsibility, if such objections were denied or overruled." ECF No. 657-1 at 11. Movant further asserts that "[w]hile the court inquired as to whether [Movant] wished to make a "statement," counsel did not advise [Movant] that such a statement could be used against him." *Id*. at 13 (citing to ECF No. 476 at 175, Sentencing Transcripts)). Thus, Movant contends that his trial counsel was ineffective for failing "[t]o advise [Movant] of the potential to eradicate acceptance of responsibility based upon any challenge to the PSR and/or any statement to the Court." *Id*. at 14.

Under U.S.S.G § 3E1.1, a defendant may receive a two or three-level reduction in his offense level if he clearly demonstrates he has accepted responsibility for his offense. In order to receive such a reduction, "the defendant must prove by preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct."

7

*United States v. May*, 359 F.3d 683, 693 (4th Cir. 2004). "[A]n adjustment for acceptance of responsibility does not flow automatically from a guilty plea." *Id*.

At the sentencing hearing, the court ruled on Movant's acceptance of responsibility as follows:

> [B]ased on the testimony that has been presented and the evidence that has been admitted in this hearing, I am overruling the [Movant's] objections to paragraphs, 12, 17, 18, 20, 21, 22, and 25. I find that there has been a preponderance of the evidence made through the testimony that there were some dealings with these individuals who testified. So I'm going to overrule those objections. I am also going to -- based on the testimony that I have heard today and the evidence that has been admitted in this hearing, I am going to change paragraphs 59 and 60 and deny acceptance of responsibility which makes a total offense level of 36, correct?

ECF No. 476:177-78, Sentencing Transcripts). The court finds that with the three-point adjustment for acceptance of responsibility, Movant had a total offense level of 33, a criminal history category of I, and an advisory guideline range of 135 months to 168 months imprisonment. In concluding that Movant was not entitled to a reduction for acceptance of responsibility, Movant's total offense level became 36, and his advisory guideline range was now 188 months to 235 months imprisonment.

The court finds that had the court granted Movant a reduction for acceptance of responsibility, Movant's guideline minimum sentence would have been 135 months imprisonment. The court sentenced Movant to the statutory maximum of 120 months imprisonment. *See* U.S.S.G. § 5G1.2(a) (noting that "where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Because Movant was sentenced to 120 months imprisonment, Movant was unaffected by the loss of his acceptance of responsibility under the guidelines. Therefore, the court concludes that Movant cannot demonstrate that he suffered prejudice because of his trial counsel's alleged failure, and thus, is not entitled to relief under this claim.

## C. Movant's amended § 2255 motion

Movant requests the court grant him leave to amend his § 2255 motion and consider two additional issues based on amendments to the Sentencing Guidelines. ECF No. 710. The court grants Movant's motion and addresses his arguments below.

### 1. Amendment 775

Movant first contends that his trial counsel was ineffective for failing to advise the court of Amendment 775 to the Sentencing Guidelines. *Id.* at 4. Movant asserts that "[h]ad sentencing counsel advised the court of Amendment 775, it is a possibility that [Movant's] offense level would have been capped at level 33 . . . [and] had [Movant's] offense level been at level 33, with a criminal history of I, the guideline imprisonment range would have been 135 months to 168 months at the time of sentencing, and thereafter when the Sentencing Commission amended the Guideline pursuant to 782, [Movant] would have been eligible for the two (2) level reduction, reducing his offense level to level 31, criminal history category I, with a guideline range of 108 to 135." *Id.* at 4.

The court sentenced Movant on October 4, 2013. Amendment 775 went into effect one month later on November 1, 2013. *See* U.S. Sentencing Guidelines Manual, Supplement to Appendix C, Amendment 775 (2013). Pursuant to 18 U.S.C. § 3582(c)(2), "a court may reduce a term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10(c) of the Sentencing Guidelines lists all amendments eligible for retroactive effect. Amendment 775 is not included in the list. Amendment 775 is not retroactively applicable and thus Movant's sentence may not be reduced based on Amendment 775. *See Olmos v. United States*, 2015 WL 3457638, at *5 (W.D. Tex. 2015) (finding

9

that Amendment 775 is not retroactively applicable and that "if an amendment is not listed, a court may not order a sentence reduction based on the amendment"); *see also United States v. Miller*, 903 F.2d 341, 349 (5th Cir. 1990) ("[S]ection 1B1.10(a) states that a change in the guidelines that results in the possibility of a lower sentencing range may be a ground for reconsideration of sentence under section 3582(c)(2) only in the case of a few particular amendments, namely those amendments listed in section 1B1.10(d)."). Therefore, Movant is not entitled to § 2255 relief on this claim.

### 2. Minor Role Adjustment – Amendment 794

Movant contends that the court should take into consideration "the newly amended 3B1.2 amendment to the U.S.S.G." ECF No. 710 at 6 (citing to *United States v. Quintero-Leyva*, 823 (9th Cir. 2016)). Movant claims that his trial counsel sought the minor role adjustment at sentencing, but that the court rejected his request. *Id*. at 7. Movant cites to his trial counsel's statements at sentencing, which stated that "Mr. Oliver is the low man on the totem pole." *Id*. at 7 (citing to ECF No. 476 at 182, Sentencing Transcripts)). Movant asserts that "because § 3B1.2's minor role adjustment is a clarifying amendment [] he preserved such issue during his sentencing hearing, [and] he is requesting that the court consider granting him the minor role relief, in the interest of justice." *Id*. at 8.

Amendment 794 went into effect on November 1, 2015, two years after Movant was sentenced on October 4, 2013. Section 3B1.2 directs the courts to subtract four levels from the base offense if the defendant was a minimal participant in the criminal activity, to subtract two levels if the defendant was a minor participant, and to subtract three levels if the defendant falls in between a minimal and a minor participant. U.S.S.G. § 3B1.2. Amendment 794 did not change the text of 3B1.2; however, it did amend the application notes by adding a non-exhaustive list of

10

factors and providing other language for the district court to consider when determining whether to apply § 3B1.2. *See United States v. Gomez-Valle*, 828 F.3d 324, 329 (5th Cir. 2016). Section 1B1.10, which lists all amendments that the Sentencing Guidelines has made retroactively applicable to defendants on collateral review, does not include Amendment 794. *See* U.S.S.G § 1B1.10.

Movant relies on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), which held that Amendment 794 applies retroactively to cases on direct appeal. *Id*. at 523-24. According to Movant, the *Quintero-Leyva* court held that Amendment 794 was a "clarifying amendment," which makes the amendment retroactive. *See* ECF No. 710 at 6. However, the court in *United States v. Ornelas*, C/A No. 7:10-cr-00991-JMC, 2017 WL 4286590, at *3 (D.S.C. Jun. 14, 2017), noted that "the Fourth Circuit has rejected this view, holding that only amendments enumerated in § 1B1.10 are to be applied retroactively." *Id*. at *3 (citing to *United States v. Dumphy*, 551 F.3d 247, 249 (4th Cir. 2009)). Accordingly, Movant's request for a minor role adjustment based on Amendment 794 is inapplicable. *See United States v. Anderson*, C/A No. 3:11-cr-837-JFA, 2017 WL 5593283, at *2 (D.S.C. Mar. 29, 2017) (noting that "Amendment 794 is not retroactive to defendants on collateral review.").

## IV. CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 657), as amended (ECF No. 710) is **Denied**. The Government's motion for summary judgment (ECF No. 679) is **Granted**. Movant's motion seeking a status update on his § 2255 motion and for copies is rendered moot. ECF No. 757.

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

    /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: August 23, 2018
Charleston, South Carolina


## NOTICE OF RIGHT TO APPEAL

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**